IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GARZA, ERIC FINLEY, and JERRY HARRIS,<br><br>           Plaintiffs,<br>   v.<br><br>BNSF RAILWAY CO., a corporation, and BEN SHEETS, an individual,<br><br>           Defendants. | 1:12-cv-32  AWI DLB<br><br>ORDER VACATING MARCH 19, 2012, HEARING AND ORDER ON DEFENDANTS' MOTION TO DISMISS<br><br>**(**Doc. No. 7) |

     On February 7, 2012, Defendants filed a Rule 12(b)(6) motion to dismiss.  See Doc. No. 7.  Hearing on this motion is set for March 19, 2012.

     On March 1, 2012, Plaintiffs filed a First Amended Complaint ("FAC"), see Doc. No. 10, and then filed an opposition.  See Doc. No. 11.  Plaintiffs' opposition states that an amended complaint supersedes an original complaint, and, because Plaintiffs amended their complaint as a matter of right through Rule 15(a), Defendants' motion is now moot.  See id.

     Defendants filed no reply or response of any kind to Plaintiffs' opposition.

     Federal Rule of Civil Procedure 15(a) permits a party to amend his complaint once as a matter of right.  See Fed. R. Civ. Pro. 15(a).  If a defendant files a Rule 12(b) motion, Rule 15(a) permits a plaintiff to file his one amended complaint as a matter of right within 21 days from service of the Rule 12(b) motion.  See id.  In all other cases, a complaint may only be amended either with the defendant's written consent or with leave of court.  See id.  An amended complaint that is filed in violation of Rule 15 is a nullity.  See Murray v. Archambo, 132 F.3d

1  609, 612 (10th Cir. 1998); Hoover v. Blue Cross & Blue Shield, 855 F.2d 1538, 1544 (11th Cir.
2  1988); Gengler v. United States, 463 F. Supp.2d 1085,1093 (E.D. Cal. 2006).
3     Here, Plaintiffs did not file their FAC within 21 days of service of Defendants' Rule
4  12(b) motion, and there is no indication that Defendants gave written consent.  As a result, the
5  FAC had no legal effect and is not operative.  See id.
6     However, the Court has reviewed the FAC and the Defendants' motion to dismiss.  The
7  motion to dismiss is short and very basic.  Defendants generally contend that the complaint
8  contains only conclusory statements rather than factual allegations.  See Doc. No. 7.  The FAC
9  adds more detail and appears to address many of the points raised in the motion to dismiss.
10 Additionally, Defendants have not filed a reply brief in support of their Rule 12(b)(6) motion, nor
11 have they filed a response of any kind to the FAC or to Plaintiffs' opposition.  It appears to the
12 Court that both sides believe that the FAC was effective upon filing.  Given the nature of the
13 arguments made in the Rule 12(b)(6) motion, the amendments made in the FAC, Defendants'
14 failure to file a reply brief or a response, and the Courts firm conviction that both parties believe
15 that the FAC is operative, the Court will permit Plaintiff to file the FAC.
16    However, the motion to dismiss points out that individual defendants are not liable under
17 Title VII or the California Fair Employment and Housing Act for retaliation.  The second cause
18 of action in the FAC continues to allege liability against Ben Sheets for retaliation.  This is not
19 proper.  An individual employee, even if that employee is a supervisor, is not liable under Title
20 VII.  See Craig v. M&O Agencies, Inc., 496 F.3d 1047, 1048 (9th Cir. 2007); Pink v. Modoc
21 Indian Health Project, 157 F.3d 1185, 1189 (9th Cir. 1998).  Similarly, an individual employee,
22 even if a supervisor, is not liable for retaliation under California Government Code § 12940(h) .
23 See Jones v. Lodge at Torrey Pines Partnership, 42 Cal.4th 1158, 1173 (2008); Starbucks Corp.
24 v. Superior Court, 157 Cal.App.4th 1436, 1449 (2008); Dominguez v. Washington Mutual Bank,
25 168 Cal.App.4th 714, 727 (2008).  Accordingly, although the Court will grant permission to file
26 the FAC, the second cause of action against Ben Sheets for retaliation under either Title VII or
27 Government Code § 12940(h) will be dismissed with prejudice because Sheets cannot be liable
28 under these statutes as a matter of law.

With permission to file the FAC, the FAC will become operational and the original complaint will be treated as nonexistent.  See Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Therefore, the Court will vacate the March 19, 2012, hearing and deny Defendants' Rule 12(b) motion because it attacks a now nonexistent complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is deemed FILED;
2. The March 19, 2012, hearing date is VACATED;
3, The second cause of action against individual Defendant Ben Sheets for retaliation under 42 U.S.C. § 2000e-3(a) and California Government Code § 12940(h) is DISMISSED with prejudice;
4. The remainder of Defendants' Rule 12(b)(6) motion is DENIED as moot; and
5. Defendants shall file either an answer or a responsive motion to the First Amended Complaint within fourteen (14) days of service of this order.[1]

IT IS SO ORDERED.

Dated:   March 15, 2012

CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Because it appears to the Court that both parties believed that the FAC became the operative complaint, Defendants will be permitted to file any Rule 12 motions against the FAC that they may deem appropriate.