# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. GARZA, et al., | ) 1:12cv032 DLB |
| | ) |
| Plaintiffs, | ) ORDER GRANTING MOTION TO DISMISS |
| | ) FIRST AMENDED COMPLAINT |
| v. | ) |
| | ) (Doc. 14) |
| BNSF RAILWAY COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

Defendants BNSF Railway Company ("BNSF") and Ben Sheets ("Sheets") (collectively "Defendants") filed the instant motion to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 29, 2012. The matter was heard on May 11, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. Attorney Melissa Greenidge appeared telephonically on behalf of Defendants. Attorney John Furstenthal appeared telephonically on behalf of Plaintiffs Jose A. Garza, Eric Finley and Jerry Harris ("Plaintiffs").

## **BACKGROUND**

Plaintiffs filed this action against Defendants on January 5, 2012. Plaintiffs assert claims of employment discrimination on the basis of actual or perceived race and ethnicity, along with retaliation and common law tort claims.

1     On February 7, 2012, Defendants filed a motion to dismiss pursuant to Federal Rule of
2 Civil Procedure 12(b)(6) for failure to state a claim.  The primary basis of Defendants' motion
3 was that the complaint plead conclusory statements rather than factual allegations.
4     On March 1, 2012, Plaintiffs filed a First Amended Complaint ("FAC"), along with an
5 opposition to the motion to dismiss.  The FAC added several paragraphs of general statements of
6 fact concerning the allegations of harassment, discrimination and retaliation.
7     These added allegations included:

> Defendant Sheets called racial minorities, including the races to which Plainitffs [sic] belonged, "Pumpernickles" because of the color of their skin. He used this term so as not to arouse suspicion of the minorities he was singling out. Sheets and other members of management, and non-management employees, used the term regularly, including but not limited to times on the internal radio communication system used by the railroad. They would use the term to signify which employees should be treated negatively. Sheets and other management and non-management employees ratified the use of the term by others. Complaints were brought to management's attention regarding the use of the term and nothing was done to correct the problem. Defendant Sheets further confused African American employees with one another, for which he issued apology letters. Sheets and other management and non-management employees, when discussing President Obama, indicated that they would not want to report to an African American boss, and/or that they do not approve of African Americans being in a position of power. Such discussions indicate a discriminatory mindset by Defendant Sheets and by Defendant BNSF.  FAC ¶ 13.
>
> Sheets and other management employees would treat racial minorities, including Plaintiffs, differently because of their race. For example, Mr. Sheets and other management employees would avoid eye contact. They would yell, curse, and raise their voice. These actions were aimed at racial minorities, including Plaintiffs, and not at Caucasians.  FAC ¶ 14.
>
> Additionally, Sheets and other management employees would selectively penalize or punish racial minorities and favor Caucasian employees. For example, Sheets and other management employees would bring "investigations" against racial minorities and not against Caucasians, resulting in greater discipline for racial minorities, including the Plaintiffs in this case. Further, Sheets and other management employees would set up racial minorities, including Plaintiffs, and not Caucasians, to fail. For example, Sheets and other management employees would conduct more "testing" of racial minorities including the Plaintiffs in this case than Caucasians. This practice would result in a false pretense for bad treatment of racial minorities. The racial minorities, including Plaintiffs, would be punished more, receive less pay, and get worse jobs as a result of this differential treatment. At times, management would indicate to racial minorities, including Plaintiffs, that "I got you" or similar words, illustrating their desire to set them up to fail.  FAC ¶ 16.
>
> Additionally, management indicated that negative treatment was the result of the complaints made about negative treatment because of and comments made about the Plaintiffs' races. Additionally, the negative treatment, including excessive punishment and investigations, has continued or gotten worse as a result

of internal complaints, bringing the DFEH charges, and this lawsuit.  FAC ¶ 17.

Additional details are described above. Sheets and other management and BNSF acted in discriminatory ways as they treated racial minorities worse than Caucasians, resulting in less pay, worse working conditions, worse jobs, and additional punishments.  FAC ¶ 28.

On March 15, 2012, the Court permitted Plaintiffs to file the FAC and denied the motion to dismiss as moot.  However, the Court also dismissed with prejudice the second cause of action against Defendant Sheets, finding that an individual defendant cannot be liable for retaliation under Title VII and California Government Code § 12940(h).

On March 29, 2012, Defendants filed their Rule 12(b)(6) motion to dismiss the FAC.  On April 23, 2012, Plaintiffs opposed the motion, and Defendants replied on May 4, 2012.

## FACTUAL ALLEGATIONS IN THE FAC

This race and ethnicity discrimination action is brought by Plaintiffs Jose Garza, a Mexican American male, Plaintiff Eric Finley, an African American male who now resides in Texas, and Plaintiff Jerry Harris an African American male.  Plaintiffs name their employer BNSF and their supervisor/manager Ben Sheets as defendants.

Plaintiffs allege that Defendant Sheets verbally harassed them on a continuing basis until his departure in 2011 by referring to racial minorities as "Pumpernickles."  Sheets and other management team members allegedly used the term on the internal radio communication system to signify which employees should be treated negatively.  Complaints regarding the term were reported, but nothing was done to correct the problem. FAC ¶13.

Plaintiffs further allege that Defendant Sheets confused African American employees with one another for which he issued apology letters.  Further, Sheets and other employees, when discussing President Obama, reportedly stated that they would not want to report to an African American boss and/or that they did not approve of African Americans being in a position of power.  FAC ¶13.

Plaintiffs also allege that Defendant Sheets made inappropriate comments related to their races.  Sheets and other management employees allegedly treated racial minorities, including Plaintiffs, differently because of their race, such as avoiding eye contact, yelling, cursing and

3

raising their voices.  FAC ¶ 14.

Plaintiffs claim that because of the harassment they had to miss work and take less favorable jobs.  Sheets and other management employees allegedly penalized or punished racial minorities and favored Caucasian employees, such as bringing "investigations" against racial minorities resulting in greater discipline for racial minorities, including Plaintiffs.  Sheets and other management employees also would conduct more "testing" of racial minorities, including Plaintiffs.  Such practice resulted "in a false pretense for bad treatment of racial minorities," including more punishment, less pay and worse jobs.  Management would say "I got you" or similar words to minorities, including Plaintiffs.  FAC ¶ 16.

Plaintiffs contends that BNSF failed to take corrective action to prevent and to stop the racial harassment.  Management reportedly indicated that negative treatment was a result of complaints made about negative treatment.  The negative treatment continued and worsened as a result of internal complaints, Department of Fair Employment and Housing ("DFEH") charges and this action.  FAC ¶ 17.

Plaintiffs filed complaints with DFEH and were issued right to sue letters.

Plaintiffs' FAC includes five causes of action: (1) harassment and discrimination based on race against BNSF and Sheets in violation of Cal. Gov. Code § 12940 and 42 U.S.C. § 2000e; (2) retaliation against BNSF and Sheets in violation of Cal. Gov. Code § 12940(h) and 42 U.S.C. § 2000e-3(a); (3) failure to prevent harassment against BNSF in violation of Cal. Gov. Code § 12940(k); (4) intentional infliction of emotional distress against BNSF and Sheets; and (5) breach of the implied covenant of good faith and fair dealing against BNSF.  As noted above, the Court has dismissed with prejudice the retaliation claim against Defendant Sheets.

**DISCUSSION**

A.     Legal Standard

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pleading

4

in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (9th Cir. 2002).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To avoid a Rule 12(b)(6) dismissal, Plaintiffs must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. The Ninth Circuit has explained as follows:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

B.  Analysis

    1.    First Cause of Action: Discrimination or Harassment Against Defendant Sheets in Violation of Title VII and FEHA

In the first cause of action, Plaintiffs allege violations of Title VII and the Fair Employment and Housing Act ("FEHA") by Defendant Sheets.

Defendants argue that an individual supervisor or co-worker cannot be held liable for harassment under Title VII and cannot be held liable for discrimination under FEHA. Craig v. M.O. Agencies, Inc., 496 F.3d 1047, 1058 (9th Cir. 2007) (Title VII does not provide a separate cause of action against supervisors or co-workers); Reno v. Baird, 18 Cal.4th 640, 643, 76 Cal.Rptr.2d 499, 957 P.2d 1333(1998) (individuals may not be liable for alleged discriminatory

actions under FEHA).  Defendants indicate that "any statutory claim other than FEHA based harassment against Sheets must be dismissed without leave to amend."  Motion, p. 2.

In their opposition, Plaintiffs concede that Sheets is an inappropriate individual defendant for harassment purposes, but not for discrimination based on race.  Plaintiffs cite no case law and fail to address Defendants' claim that FEHA does not allow for individual liability for discriminatory acts.  Further, under Title VII, "civil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee."  Pink v. Modoc Indian Health Project, Inc., 157 F.3d 1185, 1189 (9th Cir. 1998).

By their reply, Defendants accept the concession that Sheets is not a proper defendant for any harassment claim and contend that the first cause of action against Defendant Sheets should be dismissed in its entirety.

At the hearing, however, Plaintiffs' counsel represented to the Court that he had inadvertently transposed the words "harassment" and "discrimination."  Plaintiffs' counsel agreed that there was no individual liability for a discrimination claim under Title VII or FEHA, but that Plaintiffs could assert a FEHA claim for harassment against Defendant Sheets.

Based on the moving papers and statements at the hearing, the Court finds it appropriate to dismiss with prejudice (1) Plaintiffs' claim for discrimination under Title VII and FEHA against Defendant Sheets and (2) Plaintiffs' claim for harassment under Title VII against Defendant Sheets is appropriate.  As discussed more fully below, the Court also dismisses, with leave to amend, Plaintiffs' claim for harassment under FEHA against Defendant Sheets.

       2.        First Cause of Action: Harassment Against Defendant BNSF

Defendants contend that Plaintiffs have failed to assert sufficient facts to support a claim of harassment under Title VII and FEHA against BNSF. The elements of a "harassment" or "hostile work environment" claim are (1) the plaintiff was subjected to verbal or physical conduct because of his race, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of plaintiff's employment and create an abusive work environment.  Manatt v. Bank of America, 339 F.3d 792, 797 (9th Cir. 2002) (reciting elements

for hostile work environment claim and quoting Kang v. U. Lim Am., Inc., 296 F.3d 810, 817 (9th Cir.2002)); Martinez v. Marin Sanitary Services, 349 F.Supp.2d 1234, 1251 (N.D.Cal.2004) (reciting same elements for claim of racial harassment); Al-Raheem v. Covenant Care, 2011 WL 4628698, *3, (E.D. Cal. Oct. 3, 2011) ("The terms 'hostile work environment' and 'harassment' are used interchangeably in that the elements of a claim under either label are the same."). Harassment claims under FEHA apply the same elements. See Thompson v. City of Monrovia, 186 Cal.App.4th 860, 876 (2010) (adopting federal cases for FEHA harassment claims).

A harassment complaint also must allege:

> that under the totality of the circumstances the harassment was pervasive or severe enough to alter the terms, conditions or privilege of employment. Relevant factors include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.

Stewart v. Monogram Biosciences, 2011 WL 6140899, *5 (N.D. Cal. Dec. 9, 2011) (quoting Harris v. Sutton Motor Sales & RV Consignments Corp., 406 Fed. Appx. 181, 183 (9th Cir.2010).)

Defendants argue that the alleged harassing conduct set forth in paragraphs 13 and 14 of the FAC do not provide sufficient facts to state a claim. The Court agrees. Plaintiffs have failed to allege sufficient facts from which it could be inferred that Defendants engaged in improper conduct so severe or pervasive as to alter working conditions. Manatt, 339 F.3d at 799. For example, Plaintiffs do not provide specific factual allegations regarding the use of the term "pumpernickels," including the frequency of use and whether the term was directed to any of the Plaintiffs. The FAC also provides no specific factual allegations regarding the comments about President Obama, including when and to whom the statements were made. Additionally, the allegation that Sheets made inappropriate comments related to Plaintiffs' races provides no specifics as to the content of the statements, when and to whom they were made, or their frequency. The allegations regarding avoiding eye contact, yelling and cursing also are vague and generalized statements lacking sufficient detail.

In response, Plaintiffs state that multiple employees and managers used or were aware of the use of at least one inappropriate term, the comments were used in person and on the radio,

and complaints were made to management.  Plaintiffs admit that these comments "were not listed with details of frequency or time" and claim that doing so would be "impractical."  Opposition, pp. 2-3.  However, Plaintiffs' broad, generalized and conclusory statements are not sufficient.  Iqbal, 129 S. Ct. at 1949.  As discussed, Plaintiffs have failed to set forth sufficient allegations of underlying facts to give fair notice and to enable Defendants to defend themselves.  Starr, 652 F.3d at 1216.  Accordingly, dismissal of the harassment claim in the first cause of action against Defendant BNSF (and Defendant Sheets) is appropriate.

   3.  Second Cause of Action: Retaliation against Defendant BNSF

  BNSF contends that Plaintiffs have not sufficiently alleged a cause of action for retaliation in violation of Title VII or FEHA.  To state a claim for retaliation under Title VII and FEHA, a plaintiff must allege that (1) he engaged in a protected activity, (2) the employer subjected him to an adverse employment decision, and (3) there was a causal link between the protected activity and the employer's action.  Stegall v. Citadel Broad. Co., 350 F.3d 1061, 1065-66 (9th Cir. 2003); Flait v. North American Watch Corp., 4 Cal.Rptr.2d 522, 528 (Cal.Ct.App. 1992) (lawsuits claiming retaliation in violation of FEHA are analogous to federal Title VII claims).

  The FAC's allegations do not describe any specific protected activity engaged in by any of the Plaintiffs or any specific adverse employment action being taken against the Plaintiffs.  As noted by Defendants, the FAC lacks "a factual nexus between one or more of the plaintiff's engaging in specific protected activity and resulting retaliation."  Motion, p. 5.

  Although Plaintiffs counter that because of complaints to management they have suffered losses from being "unable to perform their work or to seek substitute employment and in earnings, and other employment benefits and promotions they would have received," these allegations lack specificity.  These are generalized statements, not factual allegations regarding specific protected activity and specific adverse employment actions unique to each individual Plaintiff sufficient to state a claim for retaliation.  Dismissal of this claim is appropriate.

4. <u>Third Cause of Action: Failure to Prevent Harassment against Defendant BNSF</u>

Defendants contend that Plaintiffs fail to state a claim for failure to prevent harassment because they make conclusory statements instead of factual allegations. As the FAC does not sufficiently identify the factual basis of the alleged harassment or retaliation, the Court finds that dismissal of this claim is appropriate.

5. <u>Fourth Cause of Action: Intentional Infliction of Emotional Distress against Defendants BNSF and Sheets</u>

To state a claim for intentional infliction of emotional distress under California law, a plaintiff must allege: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Hughes v. Pair, 46 Cal.4th 1035, 1050, 95 Cal.Rptr.3d 636, 209 P.3d 963, 976 (2009) (citations and quotation marks omitted). A defendant's conduct is "outrageous" when it is so "extreme as to exceed all bounds of that usually tolerated in a civilized community," and "the defendant's conduct must be intended to inflict injury or engaged in with the realization that injury will result." Id. (citations and quotation marks omitted).

Defendants claim that the FAC fails to describe, with any specificity, wrongful acts on the part of either defendant to demonstrate extreme and outrageous conduct. Plaintiffs counter that racially based name calling is extreme and outrageous conduct and pointing to President Obama and saying that African Americans should not lead or have power exceeds the bounds of what is generally tolerated in a civilized society. FAC p. 3:21-4:7. Plaintiffs state that they "do not know how else to get more specific about the extreme conduct of the defendants." Opposition, p. 3.

Plaintiffs overlook their failure to include the most basic underlying factual matter, such as who made the alleged statements, when and to whom. There are insufficient factual allegations to give Defendants fair notice the claim for intentional infliction of emotional distress

and dismissal of this cause of action is appropriate.

6. Fifth Cause of Action: Breach of the Implied Covenant of Good Faith and Fair Dealing against Defendant BNSF

Defendants argue that a claim for breach of the implied covenant of good faith and fair dealing is contractual in nature and is subject to preemption under the Railway Labor Act, 45 U.S.C. § 151 *et seq.* Plaintiffs do not oppose the preemption issue. Therefore, dismissal of this cause of action with prejudice is appropriate.

C. Leave to Amend

As discussed above, Plaintiffs' claims for individual liability against Defendant Sheets for discrimination and harassment under Title VII and for discrimination under FEHA shall be dismissed with prejudice, along with Plaintiffs' fifth cause of action for breach of the implied covenant of good faith and fair dealing. As to the remaining claims, Plaintiffs shall be granted leave to amend their claims to the extent they are able to provide sufficient factual allegations. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

**ORDER**

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss is GRANTED;
2. Plaintiffs' claim for discrimination under Title VII and FEHA against Defendant Sheets is DISMISSED WITH PREJUDICE;
3. Plaintiffs' claim for harassment under Title VII against Defendant Sheets is DISMISSED WITH PREJUDICE;
4. Plaintiffs' claim for harassment under Title VII and FEHA against Defendant BNSF is DISMISSED WITH LEAVE TO AMEND;
5. Plaintiffs' claim for harassment under FEHA against Defendant Sheets is DISMISSED WITH LEAVE TO AMEND;
6. Plaintiffs' second cause of action for retaliation against Defendant BNSF is

DISMISSED WITH LEAVE TO AMEND;

7. Plaintiffs' third cause of action for failure to prevent harassment against Defendant BNSF is DISMISSED WITH LEAVE TO AMEND;

8. Plaintiffs' fourth cause of action for intentional infliction of emotions distress against Defendants is DISMISSED WITH LEAVE TO AMEND;

9. Plaintiffs' fifth cause of action is DISMISSED WITH PREJUDICE.

10. Plaintiffs shall file an amended complaint that is consistent with this order within twenty-one (21) days of service of this order.

IT IS SO ORDERED.

Dated: **June 11, 2012**           **/s/ Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE